Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Sybase, Inc. and Informatica
Corporation

Robert E. Rohde
Washington Bar No. 12809
Email: brohde@rohdelaw.com
Gregory G. Schwartz (Cal. SBN 206134)
Email: gschwartz@rohdelaw.com
ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
Telephone: (206) 386-7353
Facsimile: (206) 405-2825

D. Peter Harvey
Cal. State Bar No. 55712
Harvey Siskind LLP,
4 Embarcadero Center, 39th Floor,
San Francisco, California 94111,
Telephone: (415) 354-0100
Facsimile: (415) 3391-7124
E-mail: pharvey@harveysiskind.com

Attorneys for Data Retrieval Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYBASE, INC., a Delaware Corporation, and INFORMATICA CORPORATION, a Delaware Corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>DATA RETRIEVAL TECHNOLOGY LLC, a Delaware Corporation,<br><br>        Defendant.<br><br>DATA RETRIEVAL TECHNOLOGY LLC, a Delaware Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>SYBASE, INC., a Delaware Corporation, and INFORMATICA CORPORATION, a Delaware Corporation,<br><br>        Defendants. | No.: C08-05481 VRW<br>(Related Case No: C09-1909 VRW)<br>(Related Case No: C09-5360 VRW)<br><br>[PROPOSED] **STIPULATED AMENDED PROTECTIVE ORDER** |

1     The discovery procedures in Case No. C08-05481 VRW and Related Case Nos. C09-1909

2  VRW and C09-5360 VRW may require disclosure of information, either documentary or testimonial

3  or both, constituting confidential information incorporating proprietary data, know-how, trade

4  secrets, or other valuable commercial information.  Accordingly, the following Protective Order

5  shall govern the handling of all materials and Confidential Information produced in this action

6  ("Produced Material") by any party or any non-party (the "Producing Party").  Produced Material

7  includes, but is not limited to, documents (including electronically-stored information) and things

8  produced pursuant to Rule 34 or Rule 45, testimony upon written questions pursuant to Rule 31,

9  testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits

10  thereof pursuant to Rule 30, discovery requests and written responses thereto pursuant to Rules 33 or

11  35; and discoverable materials derived from any of the foregoing.

12  **1.     Definitions.**

13           (a)     Confidential Information.  The term "Confidential Information" shall mean

14  and include information, documents, and things the Producing Party believes in good faith is not

15  generally known to others, and which the Producing Party (i) would not normally reveal to third

16  parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes

17  in good faith is protected by a right to privacy under federal or state law or any other applicable

18  privilege or right related to confidentiality or privacy.

19           (b)     Materials.  The term "materials" shall include, but shall not be limited to:

20  documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

21  tangible things that identify customers or potential customers; price lists or schedules or other

22  matters identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts;

23  invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment

24  books; expense accounts; recordings; photographs; motion pictures; test data; software; hardware;

25  electronically stored information; compilations from which information can be obtained and

26  translated into reasonably usable form through detection devices; sketches; drawings; notes

27  (including laboratory notebooks and records); reports; instructions; disclosures; other writings;

28  models and prototypes and other physical objects.

ROHDE & VAN KAMPEN PLLC

1    (c)    Outside Counsel.  The term "Outside Counsel" shall mean outside counsel of

2    record, and other attorneys, paralegals, secretaries, and other support staff employed by outside

3    counsel of record.

4    (d)    Outside Consultant.  The term "Outside Consultant" shall mean a person with

5    specialized knowledge or experience in a matter pertinent to the litigation who has been retained by

6    Outside Counsel or a Party to serve as an expert witness, or as a consultant in this action, and who is

7    not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is

8    not anticipated to become an employee of a Party or of a competitor of a Party.

9    (e)    In-house Counsel.  The term "in-house counsel" shall mean persons for each

10   Party (i) that are attorneys or members of the legal staff or the intellectual property department of the

11   Party (or any initially named Party to this action), (ii) that are employed by the Party (or any initially

12   named Party to this action), and (iii) as part of that employment are required to participate in policy

13   decisions with reference to this action.

14   (f)    Patents-in-Suit.  The term "Patents-in-Suit" shall mean any patents asserted by

15   a Party in this case as being infringed, including U.S. Patent Nos. 6,026,392, 6,631,382, 5,802,511

16   and 6,625,617 and any additional patents that may be asserted.

17   (g)    Source Code.  The term "Source Code" is defined as the human-readable

18   computer language instructions corresponding to a computer program, sub-program, or script,

19   including documentation included with such instructions.

20   **2.    Scope of Protective Order.**

21   (a)    This Protective Order shall govern Confidential Information that is, directly or

22   indirectly, set forth, revealed, produced, or provided:  (i) in discovery requests promulgated under

23   the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, and

24   responses thereto; (ii) in any documents (including electronically-stored information), things, or

25   premises produced pursuant to, or made available for inspection in response to, a discovery request

26   or subpoena under the Federal Rules of Civil Procedure; (iii) during depositions upon oral or written

27   examination under the Federal Rules of Civil Procedure; (iv) in connection with any other discovery

28   taken in this action, whether pursuant to the Federal Rules of Civil Procedure, informally, or by

US_ACTIVE-104520673.1

ROHDE & VAN KAMPEN PLLC

1   agreement; (v) in correspondence (including attachments and enclosures) relating to this litigation;

2   (vi) in submissions to or before the Court, including testimony, briefs, exhibits and declarations; (vii)

3   in response to any Order of the Court; and (viii) in connection with any mediation or settlement

4   negotiation.  This Protective Order shall also govern the handling of documents, and all other forms

5   of recorded information, containing or derived from the information in any Confidential Information.

6   This Protective Order also shall govern any oral or written conveyance of the contents of

7   Confidential Information.  This Protective Order also shall apply to (i) Confidential Information

8   inadvertently or unintentionally produced without designation consistent with the provisions set

9   forth in Paragraph 12 and (ii) inadvertently or unintentionally produced privileged information

10  consistent with the provisions set forth in Paragraph 13.

11          (b)     This Protective Order has no effect upon, and shall not apply to, (i) any

12  Producing Party's use of its own Confidential Information for any purpose; (ii) any person or Party's

13  use of documents or other information developed or obtained independently of discovery in this

14  litigation for any purpose, whether or not such documents or other information also were produced

15  in this litigation; (iii) information that is or becomes publicly available through no breach of the

16  provisions of this Protective Order; or (iv) information that is disclosed by a party without restriction

17  as to disclosure, provided such party has the right to make the disclosure.

18  **3.     Designations.**

19          Each party that produces or discloses any materials, answers to interrogatories, responses to

20  requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and

21  depositions, or information that the Producing Party believes should be subject to this Protective

22  Order may designate the same as: (i) "CONFIDENTIAL" or (ii) "CONFIDENTIAL - ATTORNEYS

23  EYES ONLY."  (In addition to these designations, special procedures for the inspection of Source

24  Code, if any, are set forth in Paragraph 20.)

25          (a)     "CONFIDENTIAL".  Any party may designate information as

26  "CONFIDENTIAL" only if, in good faith belief of such party and its counsel, that the party has not

27  already made the information publicly known and the unrestricted disclosure of such information

28  could be potentially prejudicial to the business or operations of such party.

ROHDE & VAN KAMPEN PLLC

1    (b)    "CONFIDENTIAL - ATTORNEYS EYES ONLY".  Any party may

2    designate information as "CONFIDENTIAL - ATTORNEYS EYES ONLY" only if, in the good

3    faith belief of such party and its counsel, the information has not already been made publicly known

4    by the party and is among that considered to be most sensitive by the party, including but not limited

5    to trade secret or other highly confidential research, development, financial or other commercial

6    information.

7    (c)    In the event that additional designations for Confidential Information are

8    needed, the Parties agree that this Protective Order may be modified to incorporate any such needed

9    additional designations. The scope of any such additional designations, and the associated

10   restrictions on access to information subject to any such additional designations, will be agreed upon

11   by the Parties as needed in accordance with Paragraph 18.

12   **4.    Designation of Confidential Information.**

13   The designation of any information as Confidential Information for purposes of this

14   Protective Order shall be made in the following manner:

15   (a)    Hard Copy / Written Material.  With regard to any hard copy / written

16   material (including transcripts of depositions or other testimony and discovery requests and

17   responses), a legend containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES

18   ONLY" or  shall be affixed to each page containing Confidential Information.

19   (b)    Electronically-Stored Information.  With regard to any electronically-stored

20   information produced in searchable .tiff format, a legend "CONFIDENTIAL" or "CONFIDENTIAL

21   - ATTORNEYS EYES ONLY" shall be included on each image containing any Confidential

22   Information.  With regard to electronically-stored information produced in a format other than

23   searchable .tiff, an appropriate legend shall be included on each image, page or document to the

24   extent practicable. Where it is not practicable to include a legend on each image, page or document,

25   an appropriate legend shall be affixed to the CD or other media on which the Producing Party

26   produces the electronically-stored information.  Any printout made from the CD or other media shall

27

28

ROHDE & VAN KAMPEN PLLC

1  be immediately and conspicuously marked "CONFIDENTIAL" or "CONFIDENTIAL -

2  ATTORNEYS EYES ONLY" consistent with the legend affixed to the CD or other media, and also

3  with a unique page identifier.

4          (c)    Materials, Things, and Premises Produced for Inspection. (i) When files and

5  records are produced for inspection, no legend need be affixed in advance of the inspection. For

6  purposes of the initial inspection, all Produced Material shall be considered designated as

7  "CONFIDENTIAL - ATTORNEYS EYES ONLY." Thereafter, upon a selection of specified

8  documents for copying by the inspecting Party, a legend in the form set forth in Paragraph 4(a) shall

9  be affixed to each page containing Confidential Information.

10          (d)    Deposition Procedures.  Whenever a deposition taken on behalf of any Party

11  involves a disclosure of Confidential Information of any Party:

12              (i)    Deposition transcripts or portions thereof shall be designated as

13  containing Confidential Information subject to the provisions of this Protective Order; such

14  designation shall be made on the record wherever possible, but a Producing Party may designate

15  portions of depositions as containing Confidential Information after transcription of the proceedings;

16  a Producing Party shall have until fifteen (15) days after receipt of the deposition transcript to inform

17  the other Party or Parties to the action of the portions of the transcript designated

18  "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS EYES ONLY"; where a Producing

19  Party later designates as confidential portions of a deposition not so designated at the time of the

20  deposition, the other Parties shall use their best efforts to obtain any previously disclosed copies of

21  the transcript;

22             (ii)    The Producing Party shall have the right to exclude from attendance at

23  said deposition, during such time as the Confidential Information is to be disclosed, any person other

24  than the deponent, Outside Counsel, the court reporter, and Outside Consultants who are permitted

25  access to the Confidential Information by this Protective Order; and

26             (iii)    The originals of said deposition transcripts and all copies thereof shall

27  bear the legend "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS EYES ONLY" as

28  appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed

ROHDE & VAN KAMPEN PLLC

Case No.:  C08-05481 VRW                                     US_ACTIVE-104520673.1

1   unless it can be accomplished under seal, identified as being subject to this Protective Order, and

2   protected from being opened except by order of this Court.

3   **5.      Challenges to Designations of Confidential Information.**

4          At any stage of these proceedings, any party may object to a designation of the materials as

5   Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for

6   the Producing Party of the objected-to materials and the grounds for the objection.  If the dispute is

7   not resolved consensually within five (5) business days of receipt of such a notice of objections, the

8   objecting party may move the Court for a ruling on the objection.  The objecting party shall have the

9   burden to show that the designation of materials as Confidential Information is not appropriate.  The

10  materials at issue shall be treated as Confidential Information, as designated by the Producing Party,

11  until the Court has ruled on the objection or the matter has been otherwise resolved.

12  **6.      Disclosure and Use of Confidential Information.**

13         Confidential Information shall be used solely for the purpose of this litigation and not for any

14  other purpose and disclosed only to those persons identified in this Paragraph.

15         (a)     "CONFIDENTIAL".  Information designated "CONFIDENTIAL" shall be

16  viewed only by Outside Counsel of the receiving Party, by Outside Consultants (pursuant to the

17  terms of Paragraph 7), and by the additional individuals listed below:

18                 (i)     Employees or executives of the Parties (including necessary secretarial

19  staff) who participate in decisions with reference to this action, and who executed the

20  Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A;

21                 (ii)     Attorneys or members of the legal staff of the Parties involved in this

22  action, including those defined herein as in-house counsel and others who are involved in the

23  research and development of technology;

24                 (iii)     Litigation vendors retained for the purpose of outside photocopying,

25  imaging, database, graphics, translation, and design services retained by the Outside Counsel, to the

26  extent necessary to assist such counsel in this litigation, a representative of which has signed the

27  Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A;

28

ROHDE & VAN KAMPEN PLLC

Case No.:  C08-05481 VRW

US_ACTIVE-104520673.1

STIPULATED AMENDED PROTECTIVE ORDER

ROHDE & VAN KAMPEN PLLC

1              (iv)     Stenographic and videotape court reporters engaged in proceedings

2    incident to preparation for deposition or trial;

3                (v)     Court personnel involved with this litigation; and

4              (vi)     Stenographic and clerical employees associated with the individuals

5    identified above;

6            (vii)     Any designated arbitrator or mediator who is assigned to hear this

7    matter, or who has been selected by the Parties, and his or her staff, who has signed the

8    Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A; and

9           (viii)    Professional jury or trial consultants and their staff retained in

10   connection with this litigation, a representative of which has signed the Acknowledgment and

11   Agreement to Be Bound attached hereto as Exhibit A, and mock jurors retained by such consultants

12   to assist them in their work.

13          (b)     "CONFIDENTIAL - ATTORNEYS EYES ONLY".  Information designated

14   "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be viewed only by Outside Counsel of the

15   Parties, the categories set forth in Paragraphs 6(a)(iii) - (viii) and by Outside Consultants under the

16   conditions set forth in Paragraph 7.

17          (c)     Drafters and Recipients.  With respect to material designated

18   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," any person indicated on

19   the face of the document to be its originator, author, a recipient of a copy thereof, or shown to

20   previously have had access to the document may be shown the same.

21          (d)     Custody of Produced Materials.  All information which has been designated as

22   "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the Producing Party,

23   and any and all reproductions thereof, shall be retained in the custody of the Outside Counsel for the

24   receiving Party identified in Paragraph 1, except that Outside Consultants authorized to view such

25   information under the terms of this Protective Order may retain custody of copies such as are

26   necessary for their participation in this litigation.

27   **7.**     **Access by Outside Consultants.**

28

ROHDE & VAN KAMPEN PLLC

1    (a)  All proposed Outside Consultants may receive Confidential Information

2 (including Source Code as defined above) only after the following conditions have been satisfied:

3 (i) the proposed recipient has executed the Acknowledgment and Agreement to Be Bound attached

4 hereto as Exhibit A; (ii) the Acknowledgment and Agreement has been served on the Producing

5 Party together with the following information (A) any and all current professional relationship(s)

6 with any of the Parties, any known competitor of the Parties, or any known affiliate of any of the

7 foregoing Persons or entities and (B) a curriculum vitae showing employment/consulting history,

8 including any prior employment or affiliation with any of the Parties, any known competitor of the

9 Parties, or any known affiliate of any of the foregoing Persons or entities; publications; and prior

10 testimony; and (iii) the Producing Party has approved the recipient pursuant to Paragraph 7(b) or the

11 Court has ruled on an application that the proposed recipient may receive the Confidential

12 Information. To the extent that the specific identification of an Outside Consultant's client cannot be

13 provided due to a confidentiality agreement, or otherwise, the receiving Party shall disclose this fact

14 to the Producing Party for the purpose of assessing any actual or potential conflict.

15    (b)  The Producing Party shall have five (5) calendar days after notice complying

16 with the requirements of Paragraph 7(a) is received to object to the disclosure of the Produced

17 Material to the person(s) identified if service of the notice under Paragraph 7(a) is accomplished by

18 hand, email or facsimile. If service is accomplished by other means, then the Producing Party shall

19 have seven (7) calendar days to object. Service after 5:00 p.m. local time of counsel for the

20 Producing Party shall be deemed effective the following day.  Any objection shall be made in good

21 faith, stating with particularity the reasons for the objection, and must be served in writing on all

22 Parties; failure to object within the period referenced above shall be deemed approval, and the

23 person(s) shall thereafter be qualified to have access to the Confidential Information of the

24 Producing Party. Should the Parties be unable to resolve any objection, then the receiving Party may

25 raise this matter with the Court and request an Order granting such person's access to the

26 Confidential Information pursuant to the terms of this Order; failure of the Producing Party to file an

27 opposition with the Court within ten (10) calendar days shall be deemed approval, and the person(s)

28 shall thereafter be qualified to have access to the Confidential Information of the Producing Party.

Case No.: C08-05481 VRW

STIPULATED AMENDED PROTECTIVE ORDER

US_ACTIVE-104520673.1

(c)     The administrative and clerical staff of an Outside Consultant identified pursuant to Paragraph 7 shall be deemed to have signed the Acknowledgment and Agreement to Be Bound in the form of Exhibit A when the Outside Consultant supervising such individuals has executed the Acknowledgment and Agreement to Be Bound.

**8.     Prosecution Bar.**

Persons (including without limitation Outside Counsel, In-house Counsel, and Outside Consultants) who access "CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials (unless such access is strictly limited to financial documentation) of the opposing Producing Party shall not, for a period of one (1) year following final resolution of this action, draft, supervise or assist in drafting or amending patent claims or patent specifications specifically related to the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials generated by, designated by and actually received from the opposing Producing Party; provided that nothing in this Paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office that may arise as a consequence of knowledge of public material obtained during the course of this litigation.

**9.     Filing Under Seal.**

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Produced Material or other documents designated as Confidential Information.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**10.     Maintenance of Confidential Information.**

All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

**11.     Unauthorized Disclosure.**

(a)     If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order (an "Unauthorized Person"), the Party responsible for the

ROHDE & VAN KAMPEN PLLC

unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, the identification of the Confidential Information disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)     The Party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the Confidential Information disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an Acknowledgment and Agreement to Be Bound in the form attached as Exhibit A (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential Information disclosed to the Unauthorized Person. The Producing Party and party that disclosed the Confidential Information shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any Confidential Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

(d)     No Party shall be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

**12.     Inadvertent Disclosure of Confidential Information.**

An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, the Producing Party may given written notice to the receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order.  Upon receipt of such notice, the receiving Party must make reasonable efforts

ROHDE & VAN KAMPEN PLLC

1   to assure that the material is treated in accordance with the terms of this Order, subject to the right to

2   challenge the propriety of such designation(s).  If the receiving Party has disclosed the materials

3   before receiving the designation, the receiving Party must notify the Producing Party in writing of

4   each such disclosure.  The Producing Party shall provide substitute copies of documents bearing the

5   inadvertently-omitted confidentiality designation.

6   **13.     Inadvertent Disclosure of Privileged or Protected Information.**

7            Subject to the provisions of Federal Rule of Evidence 502, inspection or production of

8   documents (including physical objects) shall not constitute a waiver of the attorney-client privilege,

9   work product immunity, or any other applicable privilege or immunity, if, after the Producing Party

10  becomes aware of any such disclosure, the Producing Party designates any such documents as within

11  the attorney-client privilege, work product immunity or any other applicable privilege or immunity,

12  and requests in writing return of such documents to the Producing Party.  Upon request by the

13  Producing Party, the receiving Party shall immediately undertake to gather the original and all copies

14  of the document(s), tangible thing(s), or information and shall immediately return the original and all

15  such copies to the Producing Party.  Return of such document(s), tangible thing(s), or information to

16  the Producing Party shall not preclude the receiving Party from later moving to compel production

17  of the returned document(s), tangible thing(s), or information; provided, however, that such

18  challenge shall not assert as a ground for challenge the fact of the initial production or inspection of

19  the documents later designated as attorney-client privileged, work product, or subject to another

20  applicable privilege or immunity.

21  **14.     Termination of Access.**

22            (a)     In the event that any person or Party ceases to be engaged in the conduct of

23  this litigation, such person's or Party's access to any and all Confidential Information shall be

24  terminated.  In addition, all copies of Confidential Information shall be returned or destroyed

25  consistent with the procedure in Paragraph 15 as soon as practicable, and no later than forty-five (45)

26  calendar days, after such person or Party ceases to be engaged in the conduct of this litigation.

27

28

ROHDE & VAN KAMPEN PLLC

ROHDE & VAN KAMPEN PLLC

(b)     The provisions of this Protective Order shall remain in full force and effect as to any person or Party who previously had access to any Confidential Information, except as may be specifically ordered by the Court or consented to by the Producing Party.

**15.     Termination of Litigation.**

(a)     Within sixty (60) days of final termination of this action, including any and all appeals, counsel for each Party shall certify to the other Parties that counsel and the Party that counsel represents have destroyed or returned all Confidential Information to the party that produced the information (including any copies, excerpts, and summaries thereof and has purged all such information from all machine-readable media on which it resides), except that Outside Counsel of the receiving party may retain one archival copy of each such document, subject to the terms and conditions of this Order, to maintain a complete file of the litigation.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

(b)     This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce its terms and to make such amendments and modifications to this Protective Order as may be appropriate.  Notwithstanding the foregoing, a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

**16.     Limitations on Scope of Protective Order.**

(a)     The restrictions and obligations set forth herein shall not apply to any information that (a) the Parties agree, or the Court rules, should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving Party's legitimate knowledge independently of the production by the Producing Party.  Independent knowledge must be established by preproduction documentation.

(b)     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person obtained legitimate possession thereof by means not in violation of this Protective Order and other law.

(c)     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

(d)     Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

(e)     This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f)     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed in violation of this Protective Order.

(g)     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

(h)     Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.

(i)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who

ROHDE & VAN KAMPEN PLLC

then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

(j)     No conversations or communications between Outside Counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

(k)     Materials, communications (including email) and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**17.     Notice.**

Transmission by e-mail or facsimile is acceptable for all notification purposes herein.

**18.     Modification of Protective Order.**

(a)     The Parties may agree to amend this Protective Order in the event that modifications become necessary during the course of the litigation.  Any proposed modification requires the agreement of all Parties in order to be incorporated in this Protective Order.  One or more Parties may move the Court to modify the Protective Order if an agreement on proposed modifications cannot be reached among all Parties.

(b)     The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

**19.     Use of Protective Order by Non-Parties.**

An entity or person that is not a party to this action may protect any Confidential Information in its possession, custody or control as provided by this Order.  Such entity or person may produce any such Confidential Information subject to all rights, protections and obligations afforded the Parties under this Order.

**20.     Source Code.**

ROHDE & VAN KAMPEN PLLC

The parties have determined that special procedures are required for the protection of Source Code (as defined above) that may be produced during this action. These procedures are in addition to, and do not supplant, any of the protections outlined elsewhere in this Protective Order.

(a)     Access.  The Source Code of any other party may be disclosed only to Outside Counsel of the receiving Party and Outside Consultants under the conditions set forth in Paragraph 7. In addition, court reporters are permitted to transcribe testimony discussing Source Code, provided that any such transcript pages are marked "HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY"

(b)     Protocol for Review of Timeline, Inc. Source Code.  Source Code shall be designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" by DRT, and any and all reproductions thereof shall be retained in the custody of the Outside Counsel for the receiving Party identified in Paragraph 1, except that Outside Consultants authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.  Any Source Code received by Outside Counsel or Outside Consultants shall be maintained in a locked safe or desk.  Source Code may be printed by Outside Counsel or Outside Consultants only for purposes of working on this matter and any printed copies of Source Code shall be maintained in a locked safe or desk.

(c)     Protocol for Review of Sybase and/or Informatica Source Code.

(i)     Location of Source Code Review.  For any Source Code that is produced, the Producing Party (i.e., either Sybase or Informatica) shall make an electronic form of the Source Code available for review, during normal business hours or at other mutually agreeable times, at a third party Source Code escrow service or another mutually agreed upon location.

(ii)     Security Protocol and Restrictions.  At its discretion, the Producing Party may provide the receiving Party with a special network address and VPN token which may be used together with a review computer (also provided by the Producing Party) to access a virtual workstation, hosted by the Producing Party, on which the Source Code will reside, such that the receiving Party will have access to the virtual workstation but will not have access to any other applications or services outside of the virtual workstation (e.g., intranet, Internet, shared drives, e-

ROHDE & VAN KAMPEN PLLC

US_ACTIVE-104520673.1

1  mail) and will not be in possession of a physical copy of the Source Code but will have access to

2  such a copy via the virtual workstation, <u>provided that</u>: the restrictions imposed by the Producing

3  Party shall not impair the receiving Party's ability to use search applications in conducting its

4  review.  The purpose of this provision is to allow a Producing Party to prevent data from being

5  loaded on the computer(s) from an external source, or copied from the produced computer(s) to an

6  external source, and otherwise to allow the Producing Party to prevent the Source Code from being

7  compromised in any manner.

8        (iii)    <u>Conditions of Availability.</u>  The Source Code must be made available

9  for inspection under the following conditions: (1) the review computer with access to Source Code

10  will be made available for inspection during regular business hours upon reasonable notice; (2) the

11  receiving Party must be allowed reasonable privacy to work (notwithstanding that the Producing

12  Party's security measures may include monitoring the review environment to ensure that the security

13  of the Source Code is not compromised); (3) the receiving Party must be allowed to arrange for

14  printing of the Source Code, in accordance with Paragraph 20(c)(v); and (4) no Producing Party shall

15  interfere with or disable any aspects of the review computer reasonably necessary for review of the

16  produced Source Code.  The Producing Party need not produce Source Code on a computer such that

17  it can be compiled into an executable program; however, the receiving Party reserves the right to

18  request Source Code in such form at a future time, and the parties agree to negotiate in good faith to

19  comply with such a request.

20        (iv)    <u>Conditions of Review.</u>  In addition to the other protections afforded

21  under this Protective Order: (1) a receiving Party shall not be allowed to copy or download the

22  Source Code, to copy or download screen images of the Source Code (or any portion thereof) or

23  otherwise to replicate any portion of the Source Code by photographic or any other means (except

24  that a person inspecting the Source Code may take notes describing the structure and flow of the

25  Source Code); (2) a receiving Party shall take no steps to defeat or circumvent security systems in

26  place, such as turning on ports that would allow information to be copied from the computer with

27  access to Source Code to another computer, memory stick, or other unauthorized device; (3) in the

28  event that any security measures fail, the receiving Party shall not attempt to copy Source Code; (4)

ROHDE & VAN KAMPEN PLLC

Case No.:  C08-05481 VRW

STIPULATED AMENDED PROTECTIVE ORDER

US_ACTIVE-104520673.1

1   the receiving Party shall make no attempts to remove the Source Code or the review computer from

2   the premises at which the Source Code is made available; and (5) the receiving party shall not edit or

3   alter the Source Code, whether by use of review software or otherwise.

4              (v)    Printing.  The receiving Party may request paper copies of limited

5   portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings,

6   expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the

7   purposes of reviewing the Source Code other than electronically as set forth in paragraph 20(c)(i)-

8   (iv) in the first instance. The Producing Party shall provide all such Source Code in paper form

9   including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE --

10  ATTORNEYS' EYES ONLY" ("Code Printouts").  The Producing Party may challenge the amount

11  of Source Code requested in hard copy form pursuant to the dispute resolution procedure and

12  timeframes set forth in Paragraph 5, whereby the receiving Party shall have the burden to show that

13  amount of Source Code requested in hard copy form is appropriate.

14              The receiving Party's Outside Counsel shall maintain a complete log of all Bates-numbered

15  pages of such Code Printouts, including the names of each individual granted access thereto as

16  authorized hereunder, and the locations where such Code Printouts are stored.  The receiving Party

17  may, without seeking authorization from the Producing Party, make no more than two paper copies

18  of the Code Printouts.  The receiving Party shall maintain all Code Printouts in a secured, locked

19  area. The receiving Party shall not create any electronic or other images of the paper copies and shall

20  not convert any of the information contained in the paper copies into any electronic format.  The

21  receiving Party shall only make additional paper copies if such additional copies are (1) necessary to

22  prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

23  necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies

24  used during a deposition shall be retrieved by the Producing Party at the end of each day and must

25  not be given to or left with a court reporter or any other individual.  At the termination or settlement

26  of this litigation, all other Code Printouts are to be delivered to the Producing Party.

27              (vi)    Copies.  Alternatively and in addition, for Source Code that is

28  originally produced by a Party in paper or electronic image form (e.g., TIFF or PDF), the receiving

ROHDE & VAN KAMPEN PLLC

1  Party may, without seeking authorization from the Producing Party, make no more than two paper

2  copies of the produced Source Code ("Source Code Copies") and shall take steps adequate to ensure

3  that no further copies are made, including by making only paper copies. The receiving Party may

4  not make electronic scan files of, or electronically transmit the Code Printouts or Source Code

5  Copies. Any such code shall be designated "HIGHLY CONFIDENTIAL - SOURCE CODE –

6  ATTORNEYS' EYES ONLY" and access shall be limited to those individuals authorized to access

7  CONFIDENTIAL - ATTORNEYS EYES ONLY materials pursuant to Paragraph 6(b). The

8  receiving Party's Outside Counsel shall maintain a complete log of all Bates-numbered pages of

9  such Source Code Copies, including the names of each individual granted access thereto as

10 authorized hereunder, and the locations where Source Code Copies are stored. At the termination or

11 settlement of this litigation, all Source Code Copies are to be delivered to the Producing Party. For

12 the elimination of any doubt, this Section applies only to Source Code produced initially in paper or

13 electronic image form, and does not apply to electronic forms of Source Code or to the Code Print-

14 Outs referenced in Paragraph 20(c)(v).

15         (d)    Additional Provisions Applicable to Both Protocols.

16         (i)    The Parties agree to designate as "HIGHLY CONFIDENTIAL—

17 SOURCE CODE – ATTORNEYS' EYES ONLY" any reports, submissions, discovery, or other

18 documents incorporating any portion of another Party's Source Code. Any such documents filed

19 with the Court shall be submitted under seal, in accordance with the Court's Local Rules.

20         (ii)    Outside Counsel for the receiving Party shall ensure that any Source

21 Code (including Code Printouts and Source Code Copies) is stored in a manner that prevents

22 unauthorized access.

23         (iii)    Nothing in this Protective Order is intended to prohibit the copying of

24 small noncontiguous portions of Source Code (portions that are two pages or less such that there are

25 no more than two consecutive pages) for the sole purpose of inclusion in an Expert Report, subject to

26 Paragraph 20(d)(i) and 20(c)(vi) logging.

27         (iv)    The parties are undertaking their best efforts and acting in good faith

28 to anticipate and identify issues that may arise with the exchange of Source Code. Both parties

ROHDE & VAN KAMPEN PLLC

1  recognize, however, that they may have overlooked some potential issues. If an unanticipated issue

2  arises in connection with the exchange of Source Code, the parties will use their best efforts to

3  resolve the issue amongst themselves, and as a last resort, turn to the Court for assistance in reaching

4  a resolution.

5  **21.**    **Jurisdiction of the Court.**

6         The Parties, all persons subject to discovery in these proceedings, and all persons who

7  receive Confidential Information pursuant to this Protective Order, consent to and shall be subject to

8  the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or

9  violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this

10  Protective Order during the pendency of this action and following dismissal, if any, and further

11  retains jurisdiction to modify, amend or make additions to this Protective Order as it may from time

12  to time deem appropriate.

13  DATED: September 14, 2010.          REED SMITH LLP

14

15                                     By: /s/ James A. Daire*
                                       _____
16                                     James A. Daire
                                       Attorneys for
17                                     Sybase, Inc. and Informatica Corporation

18  DATED: September 14, 2010.          ROHDE & VAN KAMPEN PLLC

19

20                                     By: /s/ Gregory G. Schwartz
                                       _____
21                                     Gregory G. Schwartz
                                       Attorneys for
22                                     Data Retrieval Technology LLC

23  *Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Gregory
    G. Schwartz hereby attests that concurrence in the filing of this document has been obtained.

24  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26     DATED:  September 16, 2010.

27                                     By _____
                                       Honorable Judge Vaughn R Walker
28                                     United States District Court Chief Judge

Case No.:  C08-05481 VRW                                                US_ACTIVE-104520673.1

STIPULATED AMENDED PROTECTIVE ORDER

ROHDE & VAN KAMPEN PLLC

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Sybase et al. v. Data Retrieval Technology LLC*, Case No. C08-05481 VRW and Related Case Nos. C09-1909 VRW and C09-5360 VRW. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ROHDE & VAN KAMPEN PLLC